IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 25, 2003 Session

## HAROLD JACKSON v. SHELBY COUNTY, TENNESSEE

Direct Appeal from the Shelby Court for Chancery County
No. CH-001533-2      Walter L. Evans, Chancellor, by Interchange

No. W2002-02627-COA-R3-CV - Filed July 28, 2003

Appellee, a Shelby County Sheriff's employee, suffered an on the job injury necessitating surgery to his spine. Following the surgery, Appellee returned to work where it was determined that he was unable to perform at the same job. Accordingly, Appellee was transferred to a position requiring little physical activity. Appellee's transfer resulted in a substantial increase in his base pay, but fewer opportunities to work overtime. Shelby County appeals from the trial court's award of sixty percent (60%) permanent partial disability to Appellee. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Donnie E. Wilson, Shelby County Attorney, and Renee Allen-Walker, Senior Assistant County Attorney, Memphis, Tennessee, for the appellant, Shelby County, Tennessee.

William L. Hagan, III, for the appellee, Harold Jackson.

## OPINION

At the time of the accident Appellee was an employee of the Shelby County Sheriff's Department ("the Department" or "the County"), employed as a Deputy Jailer. Shelby County has elected not to come under the provisions of the Tennessee Workers Compensation Act, instead having adopted an on-the-job injury policy to compensate employees injured on the job.[1] On issues where County policy is silent, however, the policy and practice of Shelby County is to use the

---

[1] "The Worker's Compensation Law shall not apply to . . . . [t]he state of Tennessee, counties thereof and municipal corporations; provided that the state, any county or municipal corporation may accept the provisions of this chapter" by following certain procedures. Tenn. Code Ann. § 50-6-106(1), (5)(1999). Shelby County has elected not to be covered under the Act.

Tennessee Workers' Compensation Act as a guide and to operate in substantial compliance with the Act.

In December, 1999, Appellee fell down a flight of stairs while on duty. As a result of the fall, Appellee sustained injuries to his neck, head, spine, left knee, and right hand and elbow. Appellee subsequently filed a claim for on-the-job injury benefits against the Appellant. A hearing was held in September, 2002, to address the sole issue of the Appellee's permanent vocational disability resulting from his injury. The trial court awarded Appellee "a Judgment in the sum of One Hundred Twenty-Nine Thousand Eight Hundred Forty Dollars ($129,840.00) . . . based upon a 60% permanent partial impairment to [Appellee's] body as a whole."

Appellee is a college graduate who described himself as "very athletic" before the accident. Prior to his employment with the Sheriff's office he had worked as a computer programmer. Before the accident, Appellee's position within the Sheriff's Department required him to occasionally physically subdue inmates. Appellee worked considerable hours of overtime prior to the accident.[2] Subsequent to the injury, Appellee was placed in a different position requiring less physical activity. With this new position came an increase in base pay, but fewer opportunities to work overtime.

Following the accident, Appellee was treated by an orthopedic surgeon, Dr. Lochemes, as well as a neurosurgeon. The doctors determined that Appellee had suffered a disc herniation at the C5-6 and C6-7 levels requiring a two level fusion of the neck. The two doctors performed this surgery on Appellee in March, 2000. The surgery was successful and Appellee reached maximum medical improvement two months later, in June, 2000.

Dr. Lochemes, the doctor Appellee was referred to by the Department, stated that Appellee's injuries resulted in a 10% permanent partial impairment to the body as a whole. Dr. Lochemes stated that this rating resulted from use of the "range of motion model" contained in the fourth edition of the American Medical Association Guides to the Evaluation of Permanent Impairment ("AMA Guide").[3]

Appellee subsequently obtained an independent medical exam from Dr. Boals who determined that Appellee suffered an anatomical impairment of thirty four percent (34%) to the body as a whole. Dr. Boals based his rating on the fifth edition of the AMA Guide. Dr. Boals also arrived

---

[2]Prior to the accident, Appellee actually held two jobs within the Department. He would work one job for eight hours, and the other for four hours each day. Appellee asserts his injury prevents him from working this second, physically intensive, job.

[3]It appears that the fourth edition was the most recent edition of the AMA guidelines at the time that the initial impairment rating was given, with the fifth edition being released between this date and the hearing. Appellee contends that Dr. Lochemes' ten percent rating, being based on the fourth edition of the AMA Guide, as opposed to the fifth edition, the current edition at the time of the hearing, should be disregarded.

at his rating by use of the "Diagnosis Related Estimate" method, as opposed to the range of motion method employed by Dr. Locheme.[4]

After considering the deposition testimony of the two doctors, as well as the testimony of the Appellee, the trial court awarded Appellee $129,840.00 "based upon a 60% permanent partial impairment to Plaintiff's body as a whole." It is this award which the County appeals.

### *Issue*

The County frames the issue as follows:

> Whether the Chancery Court erred in awarding Plaintiff/Appellee OJI benefits based upon sixty percent (60%) permanent partial disability to the body as a whole?

### *Standard of Review*

The "extent of a permanent vocational disability [is a] question[] of fact. . . ." *Walker v. Saturn Corp.*, 986 S.W.2d 204, 207 (Tenn. 1998). Our standard of review of a trial court's findings of fact is established by Rule 13(d) of the Tennessee Rules of Appellate Procedure which provides: "Unless otherwise required by statute, review of the findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *see also* Tenn. Code Ann. § 50-6-225(e)(2)(2002 Supp.)(stating the standard of review for Workers' Compensation appeals). "No presumption of correctness attaches to the trial court's conclusions of law." *Tenn. Farmers Mut. Ins. Co. v. Moore*, 958 S.W.2d 759, 763 (Tenn. Ct. App. 1997).

### *Evidence Presented*

The trial court was confronted with two differing expert opinions as to Appellee's impairment rating, each purportedly determined under the American Medical Association Guides to the Evaluation of Permanent Impairment ("AMA Guide"). Appellee asserts that Dr. Locheme's rating was based on a prior edition of these guidelines and should, therefore, not be considered. Appellee is correct that the Tennessee Code provides that "[a] physician *shall utilize the most recent edition* [of the AMA Guide] in determining the degree of anatomical

---

[4]Dr. Boals testified that while both methods may be used, due to the nature of Appellee's injury the DRE method was the correct method to use in this case.

impairment." Tenn. Code Ann. § 50-6-204(d)(3)(2002 Supp.).[5] We believe, however, that Appellee attaches too much significance to this fact.

While it is true that Dr. Locheme stated that his rating was determined using the fourth edition of the AMA Guide, he also went on to state that his impairment rating under the fifth edition would not differ, as it was his belief that the two editions were essentially the same. While this contention was questioned by Dr. Boals, who claimed that the fourth and fifth editions differ a great deal,[6] the trial court apparently chose to believe Dr. Locheme's testimony that he would have assigned the same rating under the fifth edition. We draw this conclusion from the final order which contained the following findings: Dr. Lochemes "has given his opinion . . . that the Plaintiff has sustained a 10% permanent partial impairment to the body as a whole pursuant to the AMA Guides to the Evaluation of Permanent Physical Impairment, *5th Ed.*[,]" (emphasis added), and Dr. "Boals . . . has given his opinion . . . that the Plaintiff has sustained a 34% permanent partial impairment to the body as a whole pursuant to the AMA Guides to the Evaluation of Permanent Physical Impairment, *5th Ed.*" (emphasis added). Thus, the trial judge was faced with determining which of these conflicting ratings more closely approximated Appellee's actual impairment.

"When the medical testimony differs, the trial judge must obviously choose which view to believe. In doing so, he is allowed, among other things, to consider the qualifications of the experts, the circumstances of their examination, [and] the information available to them. . . ." *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991). In the present case, the trial court apparently chose to give greater weight to the testimony of Dr. Boals concerning Appellee's anatomical impairment rating.

However, "anatomical impairment is distinct from the ultimate issue of vocational disability that the trial court must assess." *Walker,* 986 S.W.2d 204 at 207. "[A] vocational disability results when 'the employee's ability to earn wages in any form of employment that would have been available to him in an uninjured condition is diminished by an injury.'" *Walker,* 986 S.W.2d 204 at 208 (quoting *Corcoran v. Foster Auto GMC, Inc.*, 746 S.W.2d 452, 459 (Tenn. 1988)). Accordingly,

> [i]n assessing the extent of an employee's vocational disability, the trial court may consider the employee's skills and training, education, age, local job opportunities, anatomical impairment rating, and . . . capacity to work at the kinds of employment available in [the] disabled condition. Further, the claimant's own assessment of

---

[5] Failure to comport with this statutory requirement may result in an expert's opinion being disregarded. *See Sandra G. Jackson v. Goodyear Tire & Rubber Co.*, No. W1999-01691-WC-R3-CV, 2001 Tenn. LEXIS 260 (Tenn. Sp. Workers Comp. 2001)(finding that the same Dr. Boals' opinion should be disregarded for failure to comply with the statute.).

[6] Dr. Boals characterized the changes as "dramatic" and "huge."

-4-

[their] physical condition and resulting disabilities cannot be disregarded. *The trial court is not bound to accept physicians' opinions regarding the extent of the plaintiff's disability, but should consider all the evidence, both expert and lay testimony, to decide the extent of an employee's disability.*

*Id.* at 208 (internal citations omitted)(emphasis added). In short, the impairment rating is but one factor to be considered by the trial court in determining the extent of an injured worker's vocational disability, and "[t]here is no requirement that the trial court fix permanent partial disability solely with reference to expert testimony." *Worthington v. Modine Manuf. Co.*, 798 S.W.2d 232, 234 (Tenn. 1990).

The trial court considered the deposition testimony of both experts concerning impairment rating. The court also noted its consideration of "the work history, the training, the education, and the present employment, and income" of Appellee in reaching its determination as to the extent of his vocational disability. With this in mind, and after reviewing the entire record, including the testimony of Appellee, we find ourselves unable to say that the evidence preponderates against the trial courts award. We, therefore, affirm.

## *Conclusion*

As the evidence presented does not preponderate against the trial court's findings, the judgment is, accordingly, affirmed. The costs of this appeal are taxed to the Appellant, Shelby County, Tennessee.

_____
DAVID R. FARMER, JUDGE